**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ty Leic Dae Jhon Chaneyfield, Appellant.

Appellate Case No. 2023-001595

———————

Appeal From Beaufort County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-377
Submitted July 1, 2026 – Filed July 22, 2026

———————

**AFFIRMED IN PART AND VACATED IN PART**

———————

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Brian Hollis Gibbs, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:**  Ty Leic Dae Jhon Chaneyfield appeals his convictions for murder, two counts of attempted murder, mob violence with death ensuing, mob violence with serious bodily injury, mob violence with injury, and possession of a weapon during the commission of a violent crime, along with his concurrent sentences of life without parole (LWOP) for murder, thirty years' imprisonment for each count of attempted murder, thirty years' imprisonment for mob violence with death ensuing, twenty-five years' imprisonment for mob violence with serious bodily injury, one year's imprisonment for mob violence with injury, and five years' imprisonment for the weapons charge.  On appeal, Chaneyfield argues the trial court erred in admitting video and photo evidence showing him "flipping the bird" while wearing a bandana over his face because (1) the exhibits were evidence of his character and inadmissible under Rule 404(a) of the South Carolina Rules of Evidence and (2) the probative value of the evidence was outweighed by its prejudicial effect.  Chaneyfield also contends the trial court erred in imposing a concurrent five-year sentence for possession of a weapon during the commission of a violent crime when he was sentenced to LWOP for the murder.  We affirm in part and vacate in part.

1.  We hold the trial court did not abuse its discretion by admitting video and still photos taken from a video showing Chaneyfield "flipping the bird" while wearing a bandana over his face.  First, this evidence was not admitted in violation of Rule 404(a) because it was not admitted for the purpose of showing Chaneyfield had a propensity to commit the crimes for which he was charged or to show he had a criminal character and it served to corroborate witness testimony and the State's theory that Chaneyfield was acting in concert with his coconspirators when they attacked the victims' vehicle.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Jackson*, 364 S.C. 329, 334, 613 S.E.2d 374, 376 (2005) ("The relevancy, materiality, and admissibility of photographs are matters left to the sound discretion of the trial court."); Rule 404(a), SCRE ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ."); *State v. Nelson*, 331 S.C. 1, 6, 501 S.E.2d 716, 719 (1998) ("[C]haracter evidence is not admissible 'for purposes of proving that the accused possesses a criminal character or has a propensity to commit the crime with which he is charged.'" (quoting *State v. Peake*, 302 S.C. 378, 380, 396 S.E.2d 362, 363 (1990))); S.C. Code Ann § 16-3-210(A) (2015) (defining "mob" as "the assemblage of two or more persons, without color or authority of law, for the premeditated purpose and with the premeditated intent of committing an act of violence upon" another person); *Jackson*, 364 S.C. at 334,

613 S.E.2d at 376 ("[T]here is no abuse of discretion if the offered photograph serves to corroborate testimony." (quoting *State v. Johnson*, 338 S.C. 114, 122, 525 S.E.2d 519, 523 (2000))); *State v. Faulkner*, 274 S.C. 619, 621, 266 S.E.2d 420, 421 (1980) ("While the State may not attack a criminal defendant's character unless he has placed it in issue, relevant evidence admissible for other purposes need not be excluded merely because it incidentally reflects upon the defendant's reputation." (citations omitted)).  Second, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.  Although somewhat prejudicial because it showed Chaneyfield "flipping the bird," the risk of prejudice did not substantially outweigh the probative value of the evidence corroborating the testimony of other witnesses and supporting the State's theory that Chaneyfield and his coconspirators acted in concert.  *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Jackson*, 364 S.C. at 334, 613 S.E.2d at 376 ("To constitute unfair prejudice, the photographs must create 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *State v. Alexander*, 303 S.C. 377, 382, 401 S.E.2d 146, 149 (1991))); *id.* ("The State . . . has the right to prove every element of the crime charged and is not obligated to rely upon a defendant's stipulation.").

2.  We hold the trial court erred in imposing a concurrent five-year sentence for the possession of a weapon during the commission of a violent crime when Chaneyfield was sentenced to LWOP for murder.  *See* S.C. Code Ann. § 16-23-490(A) (2015) ("If a person is in possession of a firearm or visibly displays what appears to be a firearm or visibly displays a knife during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime as defined in [s]ection 16-1-60 [of the South Carolina Code (Supp. 2025)], he must be imprisoned five years, in addition to the punishment provided for the principal crime.  This five-year sentence does not apply in cases where the death penalty or a life sentence without parole is imposed for the violent crime."); § 16-1-60 ("A violent crime includes the offenses of . . . murder."). Accordingly, we vacate Chaneyfield's five-year sentence for possession of a weapon during the commission of a violent crime.

**AFFIRMED IN PART AND VACATED IN PART.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.